### No. 301
### COLAVITO v. STATE

Ohio Appeals, 8th District., Cuyahoga Co. No. 6814. Decided Jan. 19, 1925.

**280. CONFESSIONS—Admissible only after corpus delicti has been established.**

**480. EVIDENCE—Which tends to prove the death, cause of death, the symptoms, and the accused in charge of deceased, establishes corpus delicti.**

VICKERY, J.

In the Cuyahoga Common Pleas, Emma Colavito was indicted for first degree murder of one, Mariano Costanzo, by the administering of poison. She pleaded not guilty and at trial she was convicted of murder in the first degree with the recommendation of mercy.

In taking the case to the Court of Appeals a great many errors were alleged, some of which are as follows:

1. The State at no time established the corpus delicti, and since this was so, a certain confession of Colavito, which was admitted in evidence was not so admissible, by reason of the fact that corpus delicti would first have to be established before the confession could be introduced. Colavito claims that if it is necessary to have the confession in order to establish corpus delicti then it would be erroneous and the judgment should be reversed.

2. The court erred in permitting a statement of Colavito to be read.

3. The court was guilty of misconduct, as to holding a witness in contempt for refusing to answer an alleged incriminating question.

4. The court erred in refusing to permit the plaintiff in error to cross examine experts by asking questions based upon facts adduced from a standard medical text.

The Court of Appeals held:

1. There must be some evidence outside of a confession, tending to establish the corpus delicti, it is sufficient if such evidence tends to prove some material element of the crime charged. Maranda Case 94 OS 364 and other cases cited. We have the steps; the death, the cause of the death, the symptons and the plaintiff in error in charge of the sick man. This is surely some evidence which tends to prove that this man died from the effects of arsenic. That is the corpus delicti.

2. The statement read was that part which was admitted by Colavito to be true.

3. The court in refusing to permit questions taken from a text book did so rightfully, because it was sought in that indirect way to make the text book writer a witness. Judgment affirmed.

Attorneys—Bernsteen & Bernsteen, for Colavito; E. C. Stanton, for State; all of Cleveland.